1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  ALEXANDER CONTEE HALL,              ) NO. CV 10-7220-MMM(E)
                                        )
12                Petitioner,           )
                                        )
13       v.                             ) ORDER OF DISMISSAL
                                        )
14  L.S. McEWEN, Warden,                )
                                        )
15                Respondent.           )
                                        )
16  _____)

17

18                           **PROCEEDINGS**

19

20       On September 28, 2010, Petitioner filed a "Petition for Writ of
21  Habeas Corpus by a Person in State Custody" ("the Petition"). It
22  plainly appears from the face of the Petition and from documents of
23  which this Court may take judicial notice that Petitioner is not
24  entitled to relief. For the reasons discussed below, the Petition is
25  denied and dismissed without prejudice. See Rule 4 of the Rules
26  Governing Section 2254 Cases in the United States District Courts.
27  ///
28  ///

**BACKGROUND**

The Petition seeks to challenge a 1992 Superior Court conviction (Petition at 2). In the 1992 proceeding, Petitioner allegedly entered a plea of *nolo contendere* to several counts of robbery and received a sentence that expired long ago (Petition at 2, iv). In 1997, Petitioner suffered another conviction in Superior Court proceedings (Petition at iv). The Petition claims that the Superior Court in 1997 treated Petitioner's 1992 convictions as two "priors," rather than one "prior," thereby assertedly violating Petitioner's 1992 plea bargain and allegedly entitling Petitioner to withdraw his 1992 plea (Petition, Appendix A at 10). In 2008, Petitioner reportedly made this same claim in coram nobis petitions filed in the Superior Court, the California Court of Appeal and the California Supreme Court (Petition at 3-4). Each of the three state courts denied Petitioner's claim. Id.

Petitioner previously challenged his 1997 conviction and sentence in a habeas corpus petition filed in this Court in 2002. See Hall v. Giurbino, No. CV 02-9634-RT(E) ("the prior habeas action"). On March 14, 2003, the Magistrate Judge issued a report and recommendation in the prior habeas action, recommending denial and dismissal of the petition with prejudice as untimely. On May 6, 2003, the District Court issued an order adopting the report and recommendation in the prior habeas action. On May 14, 2003, the District Court entered judgment in the prior habeas action, denying and dismissing the prior petition with prejudice.
///

**DISCUSSION**

Subject matter jurisdiction over habeas petitions exists only where, at the time the petition is filed, the petitioner is "in custody" under the conviction challenged in the petition. Maleng v. Cook, 490 U.S. 488, 490-91 (1989); 28 U.S.C. §§ 2241(c), 2254(a). A habeas petitioner does not remain "in custody" under a conviction once the sentence imposed for the conviction has "fully expired." Maleng v. Cook, 490 U.S. at 492. The present Petition purports to challenge Petitioner's 1992 convictions, the sentence for which fully expired long ago. Petitioner was not "in custody" under his 1992 convictions at the time he filed the present Petition. Accordingly, habeas jurisdiction is unavailable. Id.

Even if this Court were to construe the present Petition as a challenge to Petitioner's 1997 sentence as enhanced by the 1992 convictions, the result herein would be the same. In order to challenge for a second time Petitioner's 1997 conviction and/or sentence, Petitioner would have to obtain authorization from the Ninth Circuit Court of Appeals. See 28 U.S.C. § 2244(b); Burton v. Stewart, 549 U.S. 147, 157 (2007); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000); see also McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (a dismissal of a habeas petition as barred by the statute of limitations "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)"); Miles v. Mendoza-Powers, 2007 WL 4523987, at *2-3 (E.D. Cal. Dec. 19, 2007) (subsequent petition alleging different claims but challenging the same judgment

challenged in a prior habeas petition is "second or successive"). Because Petitioner has not yet obtained authorization from the Ninth Circuit Court of Appeals,[1] this Court cannot entertain the present Petition as another challenge to Petitioner's 1997 conviction or sentence. See Burton v. Stewart, 549 U.S. at 157.[2]

Finally, this Court also cannot entertain the present Petition as a petition for coram nobis relief. "Coram nobis relief is not available in federal court to attack a state court conviction." Casas-Castrillon v. Warden, 265 Fed. App'x 639 (9th Cir. 2008)[3]; accord Finkelstein v. Spitzer, 455 F.3d 131, 134 (2nd Cir. 2006) (agreeing that "district courts lack jurisdiction to issue writs of *coram nobis* to set aside judgments of state courts"); Obado v. New Jersey, 328 F.3d 716, 718 (3rd Cir. 2003) (same); Sinclair v. Louisiana, 679 F.2d 513, 514 (5th Cir. 1982) ("It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments"); Hensley v. Municipal Court, 453 F.2d 1252 n.2 (9th Cir. 1972), reversed on other grounds, 411 U.S. 345 (1973) ("We are unable to treat this petition as one seeking coram

---

[1] In 2009, the Ninth Circuit denied Petitioner's application for authorization to file a second or successive petition. See Order filed in the prior habeas action on September 14, 2009.

[2] In any event, apart from narrow exceptions not here applicable, a prisoner cannot challenge collaterally in federal court an expired state conviction used to enhance a subsequent sentence. See Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394 (2001); Nunes v. Ramirez-Palmer, 485 F.3d 432, 443 (9th Cir.), cert. denied, 552 U.S. 962 (2007).

[3] The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

4

nobis relief because [the petitioner] seeks to challenge a state court proceeding in federal court.  Coram nobis lies only to challenge errors occurring in the same court"); Martinez v. Lockyer, 455 F. Supp. 2d 1150, 1151 (C.D. Cal. 2006) (same).

**ORDER**

For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 6, 2010


_____
                   MARGARET M. MORROW
                  UNITED STATES DISTRICT JUDGE


PRESENTED this 29th day of September, 2010, by:


       /S/
_____
       CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE